| | |
|---|---|
| 1 | GARY M. RESTAINO |
| 2 | United States Attorney<br>District of Arizona |
| 3 | MONICA B. KLAPPER |
| 4 | Assistant United States Attorney<br>Arizona State Bar No. 013755 |
| 5 | Monica.Klapper@usdoj.gov |
| 6 | PETER SEXTON<br>Assistant United States Attorney |
| 7 | Arizona State Bar No. 011089<br>Peter.Sexton@usdoj.gov |
| 8 | Two Renaissance Square |
| 9 | 40 North Central Avenue, Suite 1800<br>Phoenix, Arizona 85004-4408 |
| 10 | Telephone: (602) 514-7500<br>Attorneys for Plaintiff |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00266-001-PHX-GMS |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| vs. | |
| Ira Jeffrey Gaines, | (Sentencing: June 26, 2023 at 3:00pm) |
| Defendant. | |

The Government requests this Court to sentence Defendant Gaines to 5 years of probation, order $98,614.70 in restitution, and impose a $10,000 fine. This requested sentence, coupled with the stipulations in the plea agreement requiring Gaines to (i) file personal, business, and payroll tax forms for 2020 forward, (ii) pay any taxes due related to those filings, and (iii) cooperate with the IRS in the collection of any outstanding tax liabilities, is sufficient to satisfy the statutory goals of sentencing set forth in 18 U.S.C. § 3553 for this 74-year-old defendant with no criminal history.

This Court has already accepted the parties' plea agreement that stipulates to a term of probation (Doc. 172), and the probation department has likewise concurred with this

below-guidelines, probationary sentence (Doc. 190). The Government further requests this Court to include all of the terms and conditions of probation recommended in the PSR.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   Background of case, and Defendant's conduct**

As detailed in paragraphs 6 through 55 of the PSR, Defendant was charged with four others for participating in micro-cap stock fraud.[1] In broad strokes, the fraud involved manipulating either shares of stock or the over-the-counter market, or both, to position the shares for sale at an inflated profit. Gaines controlled the stock shares at issue in the indictment, and he purchased and sold the shares using nominees – thereby concealing his identity from financial institutions, regulators, and the IRS. Gaines hasn't filed personal, business, or payroll tax forms for many years, and he failed to comply with payroll tax withholding requirements for at least the period at issue in this case.

Gaines ultimately pleaded guilty to a securities violation - selling unregistered securities, a class D felony offense under 15 U.S.C. § 77e. (Doc. 173.) Two co-defendants (Eric Miller and David Rees), both of whom cooperated against Gaines, pleaded guilty to conspiracy to commit securities and fraud offenses, also class D felony offenses, under 18 U.S.C. § 371. The final co-defendant, Sue McCluskey, was dismissed without prejudice after Gaines' plea agreement was accepted by this Court. McCluskey was Gaines' long-time office manager, and she was the least culpable of the defendants – with extenuating life circumstances that weighed heavily in favor of dismissal.

Co-defendants Miller and Rees are due to be sentenced after Gaines, and the United States intends to request probation for each defendant – based in large part on their early,

---

[1] All four defendants were initially charged by complaint while the grand jury was suspended during the COVID-19 pandemic. (20-mj-05304-DMF, Doc. 3.) Eric Miller then pleaded guilty to an information in that case. (Doc. 61.) When the grand jury resumed, Gaines, David Rees, and Sue McCluskey were charged by indictment in the instant case – originally also assigned to the same judge, who subsequently recused himself. (CR 21-00266-PHX-SPL (now GMS), Doc. 70.) Accordingly, although the four co-defendants were involved in one conspiracy, they span two separate CR numbers with two separate judges.

robust cooperation. They both pleaded guilty in public cooperation agreements.

**B.      The Government requests a sentence of 5 years of probation.**

The Government requests a 5-year probationary term, which is slightly longer than the 4 years recommended in the PSR.  The Government also requests the restitution order, $10,000 fine, and other terms and conditions of probation that are recommended in the PSR.

Following its decision in *United States v. Booker*, 543 U.S. 220 (2005), holding that the U.S. Sentencing Guidelines are advisory and not mandatory, the United States Supreme Court set forth a multi-step procedure that this Court must follow in imposing a sentence. First, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *United States v. Gall,* 552 U.S. 38, 49-50 (2007).  Second,

> after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553 factors to determine whether they support the sentence requested by the party. . . .  If [the judge] decides that an outside-Guidelines sentence is warranted, [the judge] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

*Id.* (citations omitted).  And finally, "[a]fter settling on the appropriate sentence, [the judge] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

Under the statutory sentencing factors set forth in 18 U.S.C. § 3553(a)(2), this Court is tasked with imposing a sentence that is "sufficient, but not greater than necessary" to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

To that end, § 3553(a) directs the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

Starting with the sentencing guidelines, the United States supports the analysis in the PSR of a total offense level of 19, with a criminal history category I, resulting in a guidelines range of 30 to 37 months in prison. A variance to the below-guidelines sentence of probation that is set forth in the plea agreement is supported by § 3553 in this case, and the maximum term of 5 years is likewise warranted, for several reasons. *First*, although securities fraud is serious, the losses were in many respects borne by the over-the-counter market as a whole – with many identifiable victims suffering very small losses that likely escaped their notice. No victims have responded to contacts by the USAO, likely because of the lengthy passage of time and the relatively small loss amounts. And similarly, although the tax conduct is likewise serious, it is remedied in large part by the stipulations in the plea agreement that require Gaines to make the necessary tax filings from 2020 forward and cooperate with the IRS in its civil enforcement. The seriousness of the offense and the need for punishment are adequately reflected in a sentence of 5 years of probation under these circumstances.

*Second*, Gaines' history and characteristics likewise demonstrate that probation is warranted in this case. Gaines is nearly 75 years old, with no criminal history. He has paid the full amount of restitution due, and he disclaims any intent to engage in new microcap stock trading. The PSR notes a neuropsychological test from May of 2021 in which Gaines tested as abnormal in his cognitive abilities, although he is noted to be of average intelligence. (PSR, ¶¶ 92-94.) As set forth in the defense sentencing memorandum, Gaines has been a productive member of the Phoenix-area community for decades – providing donations to a multitude of charities.

*Finally*, Gaines will be under supervision of the probation department for the duration of his probation. By virtue of his guilty plea, Gaines has also been brought to the attention of both the IRS and the Securities and Exchange Commission. Gaines has not filed his personal tax returns since 2015, and his Peachtree entity has never filed business or payroll-related returns or taxes, but Gaines has agreed to become compliant in his personal and business returns and payments from 2020 forward and has agreed to cooperate with the IRS in resolving any outstanding tax liabilities. Under these circumstances, a lengthier term of probation will provide more assurance that Gaines will become fully compliant with the tax obligations that he has avoided for years and not reoffend or pose a risk of further financial harm to the community.

Respectfully submitted this 16th day of June, 2023.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
> *s/ Monica B. Klapper*
>MONICA B. KLAPPER
>PETER SEXTON
>Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ L. Elias*
U.S. Attorney's Office